IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| STOCKHAUSEN, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:07CV703 |
| | ) | |
| AMERICAN SOIL TECHNOLOGIES, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

This matter comes before the Court on the Rule 37(d) Motion for Sanctions filed by Plaintiff Stockhausen, Inc. Plaintiff moves for sanctions against Defendant American Soil Technologies, Inc. ("American Soil") due to Defendant's "repeated failure to comply with discovery requests." (Docket No. 20, Pl.'s Motion for Sanctions, at 1.) Plaintiff requests that a default judgment be entered against American Soil on Plaintiff's claims, that Defendant's answer and counterclaims be stricken, and that Plaintiff be awarded its costs and attorneys' fees related to the Rule 37 motion.

Plaintiff Stockhausen fully briefed its motion for sanctions and submitted exhibits in support thereof. American Soil responded in opposition and included an affidavit of its President, Carl P. Ranno. Plaintiff filed a reply. The parties, through counsel, appeared for oral argument before the Court on February 27, 2009. At the conclusion of the hearing, for

reasons announced in open court, the Court found that American Soil has violated Rule 37 by failing, without substantial justification, to provide discovery in this action. The Court ordered that Plaintiff should recover from American Soil (but not counsel for American Soil) its costs and attorneys' fees related to the Rule 37(d) motion. The Court further announced that it would recommend that Plaintiff's requested relief be granted in full, including the entry of a default against American Soil with regard to all claims made in this litigation by the parties.

On the showings made by the parties, the Court finds that Defendant failed on two separate occasions to present a person or persons knowledgeable on all subjects identified by Plaintiff in the Rule 30(b)(6) deposition of American Soil that was properly noticed by Plaintiff. American Soil has repeatedly taken the position that it cannot afford to respond to Plaintiff's Rule 30(b)(6) request unless and until it successfully closes a financial arrangement that will allow it to continue to operate. This is not a substantial justification for failing to respond to discovery. A Rule 30(b)(6) deposition is the primary and most critical discovery opportunity for Plaintiff Stockhausen in this case, and Defendant's failure to participate as required by the rules is highly prejudicial to Stockhausen.

The Court also notes, based upon a representation of defense counsel made in open court, that a 10Q filing by Plaintiff discloses a recent infusion of capital to Defendant of more that $40,000. The costs of attending and participating in a deposition in Greensboro would be expected to be less than $2,000. The Court concludes that Defendant has made a

-2-

Case 1:07-cv-00703-NCT-PTS   Document 34   Filed 03/09/09   Page 2 of 4

strategic decision to not provide discovery. The Court finds bad faith in that decision in that (1) Defendant has made absolutely no showing of a financial inability to incur the relatively minor cost of the discovery in question, and (2) Defendant's president has stated that "Defendant has not intended to avoid the 30(b)(6) deposition and felt that the thrust of the meetings in North Carolina was to settle the matter . . . ." (Docket No. 28-2, ¶ 7.) The Court notes that while it is true that a mediation was scheduled coincident to the 30(b)(6) deposition, the deposition was properly noticed to Defendant and in fact counsel for both parties worked together to schedule the deposition. The Court finds that Defendant knew of its obligation regarding the 30(b)(6) deposition but chose not to meet that obligation.

In reviewing Plaintiff's motion for sanctions under Rule 37(d), the Court considers (1) whether the noncompliant party acted in bad faith, (2) the prejudice caused to the moving party, (3) the need for deterrence, and (4) the effectiveness of less drastic sanctions. *Mutual Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). Here, the Court has found bad faith on the part of Defendant and extreme prejudice to Plaintiff, which stands without critical discovery on the brink of the trial date. The Court further finds that the need for deterrence of an intentional failure to provide discovery, as committed by American Soil, is paramount. No lesser sanction than default would be adequate since Defendant has frustrated and obstructed a central process of civil litigation, the affording of discovery. American Soil knew of the potential for dire consequences when it failed to provide a witness for the 30(b)(6) deposition scheduled for October 23, 2008, as the

-3-

Case 1:07-cv-00703-NCT-PTS   Document 34   Filed 03/09/09   Page 3 of 4

transcript of the aborted deposition records that counsel for Plaintiff and Defendant discussed "that there may in fact be dire or severe consequences for [Defendant's] failure to appear at the deposition." (Docket No. 21, Pl.'s Br., Ex. C, "Certificate of Non-Appearance," at 7.)

Accordingly, **IT IS RECOMMENDED** that Plaintiff's request for dispositive sanctions under Rule 37(d) be granted in full and that a default be entered against Defendant on all claims and counterclaims of the parties. Plaintiff must prove its damages at a hearing before the Court in order to establish the amount of the final default judgment to be entered against Defendant.

**IT IS ORDERED** that Plaintiff's request for costs and attorneys' fees incident to its Rule 37(d) motion is **GRANTED**. Plaintiff shall file an affidavit of costs and fees by March 17, and Defendant may respond as the reasonableness of the amount claimed by March 31.

**IT IS FURTHER ORDERED** that, in light of the Recommendation herein for entry of a default against Defendant, the parties shall stand down from final pretrial preparation with regard to the trial now scheduled for April 2009. The parties shall remain ready for a hearing on damages, if the Recommendation made herein is adopted, at such time as the Court may direct.

/s/ P. Trevor Sharp
United States Magistrate Judge

Date: March 9, 2009